O’Connor, J.,
concurring in part and dissenting in part.
{¶ 35} I agree with the majority that CPS established that the multiple-choice portions of the exams are trade secrets and, therefore, that the multiple-choice portions of the exams are not public records. However, because CPS has not established that it made reasonable efforts to secure its intranet website, I would hold that CPS did not meet its burden of showing that the constructed-response portions of the exams are trade secrets. And because I would hold that only the multiple-choice questions on the semester exams are trade secrets, further inquiry is necessary to determine whether the copyright exception applies to prevent disclosure of the constructed-response questions.
*417 {¶ 36} CPS contends that the requested semester exams are copyrighted materials and, thus, it would violate federal law to release them. Under R.C. 149.43(A)(1)(v), a record is not a public record if its release is prohibited by state or federal law. CPS’s claim lacks merit because “[e]xceptions to public records requests do not include the copyright defense where the public records fall under the ‘fair-use’ exception to the federal copyright statute or where the copyrighted material is purchased by the public office or agency that is the subject of the public records request.” Rea, 81 Ohio St.3d at 532, 692 N.E.2d 596.
{¶ 37} The “fair use” exception to federal copyright law is codified at Section 107, Title 17, U.S.Code and provides:
{¶ 38} “[T]he fair use of a copyrighted work, including such use by reproduction in copies * * *, for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright. In determining whether the use made of a work in any particular case is a fair use the factors to be considered shall include—
{¶ 39} “(1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
{¶ 40} “(2) the nature of the copyrighted work;
{¶ 41} “(3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
{¶ 42} “(4) the effect of the use upon the potential market for or value of the copyrighted work.”
{¶ 43} In Rea, this court held that because the individuals requesting the release of a previously administered statewide vocational examination and a statewide proficiency test had no commercial purpose in doing so, copyright laws did not bar their release under R.C. 149.43: “Relators have no intention of copying these materials for commercial resale purposes. The fair-use exception allows reproduction and copies without infringement of a copyright where the material will be used for purposes such as criticism, research, comment, and for other educational or nonprofit purposes that are not commercial in nature.” 81 Ohio St.3d at 532, 692 N.E.2d 596.
{¶ 44} Similarly, Perrea has no intention of copying the requested ninth-grade semester exams for commercial purposes. He intends to use the copies for criticism, research, comment, and/or education.[4] Nor is there any evidence of the *418 effect of Perrea’s proposed use of the exams on the potential market for the exams’ copyrighted portions. Therefore, I would hold that CPS did not establish that the requested semester exams are excepted from disclosure as copyrighted materials.
Ted L. Wills, for relator.
Taft Stettinius & Hollister, L.L.P., Mark J. Stepaniak, and Ryan M. Martin, for respondent.
{¶ 45} Because I would hold that relator is entitled to partial relief, I would grant a writ of mandamus to compel disclosure of the constructed-response questions of the ninth-grade semester examinations. In all other aspects, I would deny the writ.
Moyer, C.J., concurs in the foregoing opinion.

. It is true that a requester’s purpose is not relevant in determining whether public records should be released, but contrary to CPS’s argument, the requester’s intended use is relevant in determining whether the fair-use exception applies when the public office uses copyright as a defense.